Ryan Lee (SBN: 024846)
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA 90025
Tel: 323-988-2400 x241
Fax: 866-583-3695
tmartin@consumerlawcenter.com

Attorneys for Plaintiff, TARA BARDELLA

**UNITED STATES DISTRICT COURT,**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| TARA BARDELLA ) | Case No.: |
| ) | |
| Plaintiff, ) | **COMPLAINT AND DEMAND FOR** |
| ) | **JURY TRIAL** |
| v. ) | |
| ) | **(Unlawful Debt Collection Practices)** |
| SOUTHWEST CREDIT SYSTEMS, LP ) | |
| ) | |
| Defendant. ) | |
| ) | |

**PLAINTIFF'S COMPLAINT**

TARA BARDELLA (Plaintiff), through her attorneys, KROHN & MOSS, LTD., alleges the following against SOUTHWEST CREDIT SYSTEMS, LP, (Defendant):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

**JURISDICTION AND VENUE**

2. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3. Defendant conducts business in the State of Arizona, and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to *28 U.S.C. 1391(b)(1)*.

5. Declaratory relief is available pursuant to *28 U.S.C. 2201 and 2202*.

## PARTIES

6. Plaintiff is a natural person residing in Tuscon, Arizona.

7. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)*.

8. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)*, and sought to collect a consumer debt from Plaintiff.

9. Defendant is a collection agency located in Plano, Texas and conducts business in Arizona.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. Defendant constantly and continuously places collection calls to Plaintiff seeking and demanding payment for an alleged consumer debt.

12. Defendant calls Plaintiff at _____ .

13. Defendant has repeatedly contacted Plaintiff's mother at 520-384-3297.

14. Defendant called Plaintiff and hung up before Plaintiff or voicemail answered.

15. Defendant placed telephone calls without meaningful disclosure of the caller's identity.

16. Defendant failed to identify itself as a debt collector in subsequent communications.

# COUNT I
# DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

17. Defendant violated the FDCPA based on the following:

   a. Defendant violated *§1692b(3)* of the FDCPA by communicating with Plaintiff's mother more than once without permission to do so and without reasonable belief that the earlier response was erroneous or incomplete.

   b. Defendant violated §*1692c(b)* of the FDCPA by communicating with a third party, Plaintiff's mother, in connection with the collection of Plaintiff's alleged debt.

   c. Defendant Violated *§1692(d)* of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, and abuse Plaintiff.

   d. Defendant violated *§1692d(5)* of the FDCPA by causing Plaintiff's telephones to ring and engaging people in telephone conversation repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

   e. Defendant violated *§1692d(6)* of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity because Defendant calls Plaintiff and hangs up without leaving a voicemail message.

   f. Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt by placing telephone calls without meaningful disclosure of the caller's identity because Defendant calls Plaintiff and hangs up without leaving a voicemail message.

   g. Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt by failing to disclose in subsequent communications that the communication was from a debt collector

    h. Defendant violated *§1692e(11)* of the FDCPA by failing to disclose in subsequent communications that the communication was from a debt collector.

WHEREFORE, Plaintiff, TARA BARDELLA, respectfully requests judgment be entered against Defendant, SOUTHWEST CREDIT SYSTEMS, LP, for the following:

18. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

19. Statutory damages of $1000.00 pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

20. Actual damages,

21. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

22. Any other relief that this Honorable Court deems appropriate.

### **DEMAND FOR JURY TRIAL**

Plaintiff, TARA BARDELLA, demands a jury trial in this cause of action.

RESPECTFULLY SUBMITTED,

DATED:  February 3, 2010        KROHN & MOSS, LTD.

By: /s/  Ryan Lee  
     Ryan Lee  
     Attorney for Plaintiff

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF ARIZONA

Plaintiff, TARA BARDELLA, states as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, TARA BARDELLA, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

DATE: 1-29-10

_____
TARA BARDELLA